## R. H. J. DAVIDGE *v.* T. W. HOPSON.

**Pleadings — Reply — Misnomer.**

     Where the parties litigate a question raised by a document misstyled " Reply " and it was with the other papers on the trial, it is a part of the record though not marked filed.

**Necessaries Furnished an Infant.**

     Although an infant may not be liable on a written acknowledgment and promise to pay for necessaries furnished him, yet his real or implied promise may be enforced in an action against him.

### APPEAL FROM CALDWELL CIRCUIT COURT.

February 6, 1867.

OPINION OF THE COURT BY JUDGE ROBERTSON:

As the parties litigated the questions raised by the document misstyled " Reply," and as it was with the other pleadings on the trial, it was a part of the record, even though not formally indorsed " Filed."

If an infant, bound for necessaries, be not liable on a written acknowledgment and promise to pay the value of them, his oral or implied promise may be enforced by action, and, according to the liberal pleadings contemplated by our Civil Code, when the appellee pleaded his infancy in bar of the petition on his note for

necessaries, the appellant, having no technical right to reply, had a right to file an amended petition setting up the account and praying judgment on it. This was his presumed object in filing what he styled a reply to the plea of infancy, and in which he exhibited the account and asked judgment on it. This formal misnomer ought not to subject him to a nonsuit because the court might well have treated that pleading as an amended petition waiving the note and going on the implied promise. It might, however, have been better to have required a remolding of it in the form of an amended petition.

Wherefore, the judgment dismissing the petition is reversed, and the cause remanded with leave to amend for the sake of more precise and express conformity, and for further proceedings.

*Calvert,* for Appellant.